# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

GAIL L. ALLEN,

    Plaintiff,

                                             Civil Action 2:17-cv-1154
                                             Chief Judge Edmund A. Sargus, Jr.
v.                                           Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Gail L. Allen ("Plaintiff"), also known as Gail L. Flanagan, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Response in Opposition (ECF No. 15), Plaintiff's Reply (ECF No. 16), and the administrative record (ECF No. 7). For the reasons that follow, the undersigned **RECOMMENDEDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I.    BACKGROUND

Plaintiff protectively filed her applications for a period of disability, disability insurance benefits, and supplemental security income on May 23, 2014. In her applications, Plaintiff

alleged a disability onset of December 7, 2009. Plaintiff's applications were denied initially on October 2, 2014, and upon reconsideration on December 23, 2014. Plaintiff sought a hearing before an administrative law judge. Administrative Law Judge George A. Mills, III ("ALJ") held a video hearing on November 16, 2016, at which Plaintiff, represented by counsel, appeared and testified. Vocational expert Gina K. Baldwin (the "VE") also appeared and testified at the hearing.

On February 16, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 15-35.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 7, 2009, the alleged onset date. (*Id.* at 18.) At step two, the ALJ found that

---

1. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

    1. Is the claimant engaged in substantial gainful activity?

    2. Does the claimant suffer from one or more severe impairments?

    3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

    4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

    5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine status post partial hemilaminectomy and microdiscectomy at L5-S1 in January 2010; degenerative disc disease of the cervical spine status post anterior cervical microdiscectomy and interbody fusion at C5-C6 in February 2015; mood disorder/adjustment disorder with anxiety; bipolar disorder and personality disorder; and opiate and alcohol dependency. (*Id.*) At step three of the sequential process, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 19.) At step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to some additional nonexertional limitations. More specifically, the claimant can: lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; sit with normal breaks for up to 6 hours out of an 8-hour workday; and stand and/or walk with normal breaks for up to 6 hours out of an 8-hour workday. She is able to occasionally climb ladders, ropes, and scaffolds and stoop and is able to frequently climb ramps or stairs, kneel, crouch, and crawl. She is limited to frequent overhead reaching with the bilateral upper extremities. Finally, the claimant is limited to simple, unskilled work in a low stress work setting with no rapid production or assembly line work, limited decisionmaking responsibility, and occasional changes in the work setting.

(*Id*. at 22.)

At step five, relying on the VE's testimony, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy. (*Id*. at 33-35.) The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. (*Id*. at 35.) On November 2, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the

instant action.

In her Statement of Specific Errors (ECF No. 10), Plaintiff raises three issues. Plaintiff first contends that the ALJ failed to properly consider the opinion of her treating neurosurgeon, Michael Shannon, M.D. Within this contention of error, Plaintiff asserts that the ALJ erred by assigning little weight to Dr. Shannon's opinions without setting forth good reasons supported by substantial evidence. Plaintiff next posits that the ALJ failed to properly consider whether her physical impairments met or equaled Listing 1.04(A) for "Disorders of the Spine." Last, Plaintiff contends that the ALJ's findings regarding her mental RFC are not supported by substantial evidence. More specifically, Plaintiff contends that the ALJ erred because he assigned great weight to the state-agency consultants' opinions but failed to explain why he omitted non-exertional limitations contained in those opinions from Plaintiff's RFC.

## II.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

The undersigned finds that remand is required because the ALJ assigned "great" weight to the opinions of the state-agency psychologists, finding their opinions to be supported by Plaintiff's mental status examinations and "consistent with the longitudinal review of the evidence of record," (R. at 28), yet failed to explain why limitations contained in those opinions were omitted from Plaintiff's mental RFC.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8

(S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted). An ALJ is required to explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

In assessing Plaintiff's mental RFC, the ALJ considered the opinions of state-agency reviewing psychologists, Karla Voyton, Ph.D., and Janet Souder, Psy. D. ("state-agency psychologists"). (R. at 98-100, 136-38.) The state-agency psychologists opined that Plaintiff "retains sufficient mental capacity to carry out both simple and multi-step tasks in a *static* setting without demands for fast pace or high production. She can interact on a frequent basis. She *can adapt to occasional changes with some supervisory support*." (R. at 100, 138 (emphasis added).) The ALJ assessed "great" weight to the state-agency psychologists' opinions, explaining as follows:

6

> Pursuant to SSR 96-6p, the [ALJ] has considered the opinions rendered by the State agency physical and mental consultants and gives them great weight. The [ALJ] finds the opinions to be largely supported by the radiographic evidence, laboratory testing, physical examination findings, and the mental status examinations that were performed in this case. The opinions are also consistent with the claimant's treatment as outlined above and are the most consistent with the longitudinal review of the evidence of record with regard to the claimant's physical and mental symptoms. For the reasons articulated above, the [ALJ] gives the opinions of the State Agency's physical and mental consultants great weight in determining that the claimant is limited to a range of light, unskilled work as delineated in the residual functional capacity set forth above without any social functioning limitations.

(R. at 28.)

Without explanation, the ALJ failed to reasonably account for the opinions of Drs. Voyton and Souder that Plaintiff requires a "static setting" or "occasional changes with *some supervisory support*" in the mental RFC determination. (*See* R. at 100, 138 (emphasis added).) Although the ALJ limited Plaintiff to "occasional changes in the work setting," he failed to account for her need for "some supervisory support" in connection with such changes. (R. at 22.) Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ assigns great weight to a particular opinion and states that it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission); *Bookout v. Comm'r of Soc. Sec.*, No. 3:13-cv-463, 2014 WL 4450346, at *7 (E.D. Tenn. Sept. 10, 2014) (remanding case where, *inter alia*, "the ALJ adopted Dr. Fletcher's opinion in its entirety" but "ignored" certain limitations and stating that the ALJ "had a duty to explain" why she declined to adopt the

7

limitations).   Here, the ALJ's decision provides no explanation for omitting limitations for either a "static setting" or "occasional changes with *some supervisory support*" from Plaintiff's mental RFC.   The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision.   *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision").

In sum, the undersigned finds that reversal is warranted because the ALJ accorded "great" weight to the opinions of the state-agency psychologists, finding their opinions to be supported by Plaintiff's mental status examinations and "consistent with the longitudinal review of the evidence of record," (R. at 28), yet failed to explain why limitations contained in those opinions were omitted from Plaintiff's mental RFC.   Accordingly, it is **RECOMMENDED** that Plaintiff's contention of error be **SUSTAINED**.

Although this finding obviates the need to analyze and resolve Plaintiff's remaining

8

contentions of error, the undersigned observes that on remand, reconsideration of the issues raised in Plaintiff's other contentions of error may be appropriate. First, some of the ALJ's reasons for discounting the opinions of Plaintiff's treating neurosurgeon, Dr. Shannon, do not appear to be supported by substantial evidence in the record. For example, the ALJ indicates that the limitations that Dr. Shannon opined "are not supported by any objective physical examination findings," (R. at 29), yet the ALJ's own decision reflects that Plaintiff underwent multiple surgeries and that the record contains objective testing and examination abnormalities. Second, it is clear that the ALJ erred at step three of the sequential process. More specifically, the ALJ's summary conclusion at step 3, that Plaintiff's examinations and testing results were negative for *any* of Listing 1.04(A)'s requirements, is inconsistent with the ALJ's own findings at step four, as well as the objective evidence in the record. (*Compare* R. at 19 (concluding that Plaintiff's "physical examinations prior to both surgeries were negative for *any* of the aforementioned findings [for Listing 1.04] on an intermittent, ongoing, or consistent basis" and that her "postoperative radiological findings revealed *none* of the aforementioned findings while the physical examinations, when performed, continued to be negative for *any* of the other requisite findings to meeting Listing 1.04") (emphasis added) *with* R. at 24-25 (acknowledging record evidence reflecting several of Listing 1.04(A)'s criteria to be present).) The ALJ erred in failing to address this evidence, compare it to Section 1.04(A) of the Listing, and provide an explanation for his conclusion that Plaintiff did not meet or equal the Listing. *See Reynolds,* 424 F. App'x at 416 (holding that "the ALJ needed to actually evaluate the evidence, compare it to . . . the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review."). The undersigned declines, however, to analyze whether the ALJ's error at step three

was harmless in view of the requisite durational period, but encourages the Commissioner to evaluate whether reconsideration of these issues may be appropriate on remand.

## IV. DISPOSITION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE